PEOPLE v ENGLISH

PEOPLE v SMITH

Docket Nos. 330389 and 330390. Submitted July 12, 2016, at Detroit. Decided October 27, 2016, at 9:05 a.m. Leave to appeal denied 500 Mich 991.

In Docket No. 330389, Lymance English was charged in the Oakland Circuit Court with possession with intent to deliver less than 50 grams of cocaine on or within 1,000 feet of school property (the school zone), MCL 333.7410(3), after controlled substances were found in his home, which was located within the specified school zone. In Docket No. 330390, Brandon R. Smith was similarly charged in the Oakland Circuit Court with possession with intent to deliver less than 50 grams of heroin on or within a school zone, MCL 333.7410(3), after controlled substances were found in his apartment and motor vehicle, which were both located within the specified school zone. Each defendant moved to dismiss the charge against him, arguing that intent to deliver a controlled substance in a school zone is an essential element of the offense and asserting that there was no evidence that he had intended to deliver drugs within a school zone. In Docket No. 330389, the court, Rae Lee Chabot, J., agreed with English's argument and dismissed the charge, and in Docket No. 330390, the court, Phyllis C. McMillen, J., similarly agreed with Smith's argument and dismissed the charge. In each case, the Court of Appeals denied the prosecution's delayed application for leave to appeal. The prosecution then sought leave to appeal in the Supreme Court, which, in lieu of granting leave to appeal, remanded the cases to the Court of Appeals for consideration as on leave granted. *People v English*, 499 Mich 872 (2016); *People v Smith*, 499 Mich 873 (2016).

In an opinion by WILDER, P.J., and an opinion by MURPHY, J., the Court of Appeals *held*:

MCL 333.7410(3) of the Public Health Code, MCL 333.7401 *et seq.*, provides that an individual 18 years or over who violates MCL 333.7401(2)(a)(*iv*)—which proscribes possessing with intent to deliver less than 50 grams of a controlled substance that is a narcotic drug—by possessing a controlled substance with intent to deliver the substance to another person on or within 1,000 feet of school property or a library shall be punished by a term of imprisonment of not less than two years or more than twice that authorized by

MCL 333.7401(2)(a)(*iv*). To be guilty of violating MCL 333.7410(3), the prosecution must establish that the defendant possessed a controlled substance with an intent to deliver that substance to another person on or within 1,000 feet of school property or a library; the defendant must have specifically intended to deliver the controlled substance to a person who is physically on or within the school zone. Because there was no evidence presented in either case that the respective defendant intended to deliver the controlled substance to a person who was within the specified school or library zone, the trial court in each case correctly dismissed the MCL 333.7410(3) charge.

In Docket No. 330389, the trial court order was affirmed

In Docket No. 330390, the trial court order was affirmed.

WILDER, P.J., reasoned in the lead opinion that MCL 333.7410(3) was unambiguous because under the last-antecedent rule—a modifying word or clause is confined solely to the last antecedent unless a contrary intention appears—the phrase "on or within 1,000 feet" modifies and restricts the last antecedent, which is the word "person." For that reason, MCL 333.7410(3) unambiguously imposes criminal liability only if an offender specifically intended to deliver a controlled substance to a person on or within 1,000 feet of school property or a library.

MURPHY, J., concurring, disagreed with the lead opinion that MCL 333.7410(3) is unambiguous when it is interpreted in light of the last-antecedent rule. While he agreed with the lead opinion that to prove a defendant guilty under MCL 333.7410(3) the prosecution must prove that the offender possessed a controlled substance either inside or outside a school zone with the intent to deliver the controlled substance within a school zone, that interpretation was compelled by application of the last-antecedent rule in combination with the legislative history surrounding the passage of MCL 333.7410, as amended by 1999 PA 188.

O'CONNELL, J., dissenting, disagreed that to be guilty of violating MCL 333.7410(3) the prosecution must prove that the defendant intended to deliver a controlled substance within the school zone. MCL 333.7410(3) provides that its sentence is twice that authorized by MCL 333.7401(2)(a)(*iv*)—which prohibits in part the possession of controlled substances with the intent to deliver—and MCL 333.7410(3) is therefore a sentence enhancement provision. Because the only difference between MCL 333.7410(3) and MCL 333.7401(2)(a)(*iv*) is the location in which the drugs are possessed, the Legislature intended the enhanced sentence provision of MCL 333.7410(3) to apply when a defendant possesses with intent to deliver a controlled substance within 1,000 feet of a school or library, regardless of the location of the person

to whom the defendant intends to deliver the substance. This interpretation is consistent with a similar federal law, 21 USC 860(a), which has been interpreted by federal courts as being concerned with the location of the drugs, not the intended location of distribution. Judge O'CONNELL would have reversed the trial court orders and remanded for reinstatement of the MCL 333.7410(3) charges against both defendants.

CRIMINAL LAW — CONTROLLED SUBSTANCES — POSSESSION WITH INTENT TO DELIVER CONTROLLED SUBSTANCE TO A PERSON WITHIN 1,000 FEET OF SCHOOL OR LIBRARY — DEFINITION.

To be guilty of violating MCL 333.7410(3), the prosecution must establish that the offender possessed with an intent to deliver a controlled substance to another person on or within 1,000 feet of school property or a library; the offender must have specifically intended to deliver the controlled substance to a person who is physically on or within 1,000 feet of school property or a library.

Docket No. 330389:

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *Jessica R. Cooper*, Prosecuting Attorney, *Thomas R. Grden*, Appellate Division Chief, and *Joshua J. Miller*, Assistant Prosecuting Attorney, for the people.

*Michael J. McCarthy, PC* (by *Michael J. McCarthy*), for Lymance English.

Docket No. 330390:

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *Jessica R. Cooper*, Prosecuting Attorney, *Thomas R. Grden*, Appellate Division Chief, and *Joshua J. Miller*, Assistant Prosecuting Attorney, for the people.

*Richard E. Rosenberg, PC* (by *Richard E. Rosenberg*), for Brandon R. Smith.

Before: WILDER, P.J., and MURPHY and O'CONNELL, JJ.

WILDER, P.J. In these consolidated cases, the prosecution appeals by leave granted[1] the trial courts' dismissal of charges against defendants, Lymance English (Docket No. 330389) and Brandon R. Smith (Docket No. 330390). The charges were brought under MCL 333.7410(3) for possession with intent to deliver drugs on or within 1,000 feet of school property. Based on its interpretation of MCL 333.7410(3), each trial court dismissed the charge, reasoning that although the prosecution presented evidence to establish that the respective defendant was arrested within 1,000 feet of school property while in possession of drugs, the prosecution failed to demonstrate that the defendant intended to deliver those drugs to a person on or within 1,000 feet of school property. I conclude that the trial courts properly construed MCL 333.7410(3) in accordance with the plain meaning of the statutory language, as demonstrated by its grammatical context, and this Court affirms the trial courts' dismissal of the MCL 333.7410(3) charges against defendants.

I. FACTUAL BACKGROUND

During a drug raid at the home of English, the police discovered about 14 grams of cocaine, marijuana, a digital scale, sandwich bags, and a handgun. Officers determined that English's property was within 1,000 feet of a high school. As a result, the charges against English included one count of possession with the intent to deliver less than 50 grams of cocaine within a school zone under § 7410(3).

Similarly, during a drug raid on the apartment and car of Smith, the police discovered 2.2 grams of heroin,

---

[1] *People v English*, 499 Mich 872 (2016); *People v Smith*, 499 Mich 873 (2016).

baggies, a digital scale, rubber gloves, and a handgun. The officers determined that at the time of the raid, Smith's heroin was within 1,000 feet of a high school. Therefore, the charges against Smith included one count of possession with the intent to deliver less than 50 grams of heroin within a school zone under § 7410(3).

Following their respective preliminary hearings, English and Smith moved to dismiss the charges under § 7410(3). Both defendants contended that the statute required the prosecution to show that they had intended to deliver the drugs within the school zone. Defendants further contended that there was no such evidence. Accordingly, defendants argued, the trial courts were required to dismiss the charges against them under § 7410(3). In both cases, the trial courts agreed and dismissed the MCL 333.7410(3) charges.

The instant prosecutorial appeals ensued.

## II. ANALYSIS

This Court reviews de novo the interpretation and application of statutes. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006). Among other things, the Public Health Code, MCL 333.1101 *et seq.*, criminalizes a wide range of conduct involving controlled substances. The provision at issue here is § 7410(3), which provides:

> An individual 18 years of age or over who violates section 7401(2)(a)(*iv*)[2] *by possessing with intent to deliver to another person on or within 1,000 feet of school property or a library a controlled substance* . . . shall be pun-

---

[2] MCL 333.7401(2)(a)(*iv*) proscribes "possess[ing] with intent to . . . deliver" less than 50 grams of a controlled substance that is a narcotic drug.

ished . . . by a term of imprisonment of not less than 2
years or more than twice that authorized by section
7401(2)(a)(*iv*). [Emphasis added.]

On appeal, the parties offer three distinct interpreta-
tions of this language. The prosecution argues that
§ 7410(3) is ambiguous and should be construed in
such a way that the phrase "on or within 1,000 feet of
school property" modifies the phrase "possessing with
intent to deliver." Put differently, under the prosecu-
tion's interpretation, a defendant who *possesses* drugs
in a school zone need not intend to *deliver* those drugs
on school property or within 1,000 feet of a school to
face an enhanced penalty under § 7410(3). By contrast,
although English agrees that § 7410(3) is ambiguous,
he contends that the phrase "on or within 1,000 feet of
a school" should be interpreted as modifying the
phrase "to another person." Under English's proffered
interpretation, a defendant who possesses a controlled
substance is not subject to an enhanced penalty unless
he or she intended to deliver the controlled substance
to a person on or within 1,000 feet of school property.
On the other hand, Smith argues that § 7410(3) is
*un*ambiguous and that the plain statutory meaning
requires the prosecution to show that the defendant
intended to deliver a controlled substance to another
person on school property or within a school zone.
Under the interpretation argued by Smith, a defen-
dant is subject to an enhanced penalty under § 7410(3)
only if that defendant intended to deliver a controlled
substance to a "person on or within 1,000 feet of school
property or a library." I conclude that the interpreta-
tion of the statute asserted by Smith is correct.[3]

---

[3] Because I agree with Smith that § 7410(3) is unambiguous, I need
not consider his alternative argument that this Court should declare
§ 7410(3) void as unconstitutionally vague.

My conclusion hinges on the grammatical context of
§ 7410(3) and application of the last-antecedent rule.

> Our primary purpose in construing statutes is to discern
> and give effect to the Legislature's intent. We begin by
> examining the plain language of the statute; where that
> language is unambiguous, we presume that the Legisla-
> ture intended the meaning clearly expressed—no further
> judicial construction is required or permitted, and the
> statute must be enforced as written. [*Williams*, 475 Mich
> at 250 (quotation marks and citation omitted).]

"A statutory provision is ambiguous only if it irrecon-
cilably conflicts with another provision, or when it is
equally susceptible to more than a single meaning."
*People v Fawaz*, 299 Mich App 55, 63; 829 NW2d 259
(2012) (quotation marks and citation omitted). The
Legislature is presumed to know the rules of grammar,
*People v Henderson*, 282 Mich App 307, 329; 765 NW2d
619 (2009), and therefore "statutory language must be
read and understood in its grammatical context,"
*People v Houthoofd*, 487 Mich 568, 580-581; 790 NW2d
315 (2010). See also *People v Beardsley*, 263 Mich App
408, 412-413; 688 NW2d 304 (2004) ("Punctuation is
an important factor in determining legislative intent,
and the Legislature is presumed to know the rules of
grammar."); *In re MKK*, 286 Mich App 546, 556; 781
NW2d 132 (2009) ("The Legislature is presumed to be
familiar with the rules of statutory construction and,
when promulgating new laws, to be aware of the
consequences of its use or omission of statutory lan-
guage . . . ."). Under the last-antecedent rule, "a modi-
fying or restrictive word or clause contained in a
statute is confined *solely* to the immediately preceding
clause or last antecedent, unless something in the
statute requires a different interpretation." *Stanton v
Battle Creek*, 466 Mich 611, 616; 647 NW2d 508 (2002)
(emphasis added), citing *Sun Valley Foods Co v Ward*,

460 Mich 230, 237; 596 NW2d 119 (1999) ("It is a general rule of grammar and of statutory construction that a modifying word or clause is confined solely to the last antecedent, unless a contrary intention appears.").

Absent application of the last-antecedent rule, § 7410(3) does appear equally susceptible to more than one reasonable interpretation and, therefore, ambiguous. Such *potential* ambiguities in statutory language are, however, precisely what the last-antecedent rule is used to clarify. The "on or within 1,000 feet" phrase in § 7410(3) is both modifying and restrictive, and its last antecedent—i.e., "the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence," 2A Singer & Singer, Sutherland Statutory Construction (7th ed), § 47:33, pp 494-497—is the word "person." (Quotation marks and citation omitted.) For this reason, unless something in the statute "requires" a different interpretation, *Stanton*, 466 Mich at 616, it should be presumed that the Legislature intended the phrase "on or within 1,000 feet of school property or a library" to modify the word "person." Under this construction, § 7410(3) is rendered unambiguous; it imposes criminal liability only if an offender specifically intended to deliver a controlled substance to a "person on or within 1,000 feet of school property or a library."

Notwithstanding the last-antecedent rule, the prosecution argues that this construction is contrary to apparent legislative intent. I disagree. I see nothing in the plain language of § 7410 itself that would require this Court to disregard the last-antecedent rule in this case. My construction of § 7410(3) under the last-antecedent rule is consistent with the remainder of § 7410. Indeed, arguably at least, it is the prosecution's proposed interpretation that would do violence to the

apparent legislative intent underlying § 7410(3). As was acknowledged by the prosecution during oral argument, under its interpretation, a drug dealer intending to deliver drugs to a drug house miles away from a school, but who happens to be arrested within 1,000 feet of school property while on his way to that drug house, faces the enhanced penalty of § 7410(3), whereas an enhanced penalty under § 7410(3) is impermissible for a drug dealer who *actually intends to deliver drugs to children on school property* but is arrested 1,010 feet from school property—in other words, just outside the prohibited zone. In my judgment and that of my colleague Judge MURPHY (concurring), such a result is inconsistent with the legislative intent expressed by the entirety of § 7410 and the other pertinent sections of the Public Health Code.

Similarly, the dissent compares § 7410(3) with § 7410a(1)(b),[4] another section of the Public Health Code, and reasons that our construction is contrary to apparent legislative intent. The dissent finds it significant that § 7410a(1)(b) uses the phrase "who is in a public park or private park" to describe the individual to whom an offender intends to deliver a controlled substance, whereas § 7410(3) contains no such limiting language, because generally, when the Legislature includes language in a related statute that it omits in another, we assume that the omission was intentional. The dissent concludes that the language in § 7410a(1)(b) militates against reading § 7410(3) as requiring the defendant's intended deliveree to be on or

---

[4] MCL 333.7410a(1)(b) provides that a person who is 18 years of age or older may be sentenced to not more than two years of imprisonment if that person violates certain Public Health Code sections by "possessing with intent to deliver a controlled substance . . . to a minor who is in a public or private park or within 1,000 feet of a public park or private park."

within 1,000 feet of school property because, had the Legislature wanted such an interpretation, § 7410a(1)(b) demonstrates that the Legislature clearly knew how to demonstrate that intent.

However, the rule of construction on which the dissent relies is only applicable when the "related statute" is a prior enactment. As discussed in 2B Singer & Singer, Sutherland Statutory Construction (7th ed), § 51:2, pp 212-213, "[g]enerally, . . . courts presume a different intent when a legislature omits words used in a *prior* statute on a similar subject." (Emphasis added.) See also *People v Watkins*, 491 Mich 450, 482; 818 NW2d 296 (2012) ("It is one thing to infer legislative intent through silence in a simultaneous or subsequent enactment, but quite another to infer legislative intent through silence in an earlier enactment, which is only 'silent' by virtue of the subsequent enactment."). The phrase "on or within 1,000 feet of school property *or a library*" in § 7410(3) has not changed since 1994. See 1994 PA 174. By contrast, § 7410a(1)(b) was added by 1998 PA 261. Accordingly, § 7410a(1)(b) cannot rationally be used as a means of discerning the legislative intent underlying the phrase "on or within 1,000 feet" as used in § 7410(3). When amending § 7410(3) to include that language, the Legislature did not "omit" language it had previously used in § 7410a(1)(b); the latter provision did not exist at that time.

In conclusion, because the last-antecedent rule renders § 7410(3) unambiguous, I rely on the plain meaning of the statutory language and need not resort to less precise methods of reading "the tea leaves of legislative intent."[5] As the trial courts did, we construe § 7410(3) as requiring proof that the defendant specifi-

---

[5] *People v Maynor*, 256 Mich App 238, 261; 662 NW2d 468 (2003) (WHITBECK, C.J., concurring).

cally intended to deliver a controlled substance to a "person on or within 1,000 feet of school property or a library." In the cases now before us, it is undisputed that such evidence was lacking. For this reason, we affirm.

MURPHY, J. (*concurring*). Because I conclude that the Legislature intended MCL 333.7410(3) to apply when an offender possesses a controlled substance either inside or outside a school zone with the intent to deliver the controlled substance within a school zone, and not when a controlled substance is possessed inside a school zone with no intent to deliver the controlled substance within the school zone, I concur in the lead opinion. Ultimately, in my view, MCL 333.7410(3) is targeted at drug traffickers who intend to distribute controlled substances within a school zone and not at traffickers who may simply live in or be traveling through a school zone with controlled substances present in their home or vehicle or on their person. Accordingly, I agree with my colleague's position in the lead opinion that we should affirm the circuit courts' orders dismissing the charges under MCL 333.7410(3). Because I reach that conclusion partly on the basis of an analysis that contemplates the legislative history of MCL 333.7410(3), I write separately.

In general, this Court reviews for an abuse of discretion a trial court's ruling with respect to a motion to dismiss criminal charges. *People v Adams*, 232 Mich App 128, 132; 591 NW2d 44 (1998). We review de novo, however, the construction of a statute. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006). In *People v Peltola*, 489 Mich 174, 181; 803 NW2d 140 (2011), our Supreme Court recited the well-established rules of statutory construction:

Our overriding goal for interpreting a statute is to determine and give effect to the Legislature's intent. The most reliable indicator of the Legislature's intent is the words in the statute. We interpret those words in light of their ordinary meaning and their context within the statute and read them harmoniously to give effect to the statute as a whole. Moreover, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory. If the statutory language is unambiguous, no further judicial construction is required or permitted because we presume the Legislature intended the meaning that it plainly expressed. [Citation and quotation marks omitted.]

When a statute is ambiguous, judicial construction is proper in order to ascertain the statute's meaning. *In re MCI Telecom Complaint*, 460 Mich 396, 411-412; 596 NW2d 164 (1999). When interpreting an ambiguous statute, "we should give effect to the interpretation that more faithfully advances the legislative purpose behind the statute." *People v Adair*, 452 Mich 473, 479-480; 550 NW2d 505 (1996). A statute is ambiguous when an irreconcilable conflict exists between statutory provisions or when a statute is equally susceptible to more than one meaning. *People v Hall*, 499 Mich 446, 454; 884 NW2d 561 (2016).

MCL 333.7410(3) provides:

An individual 18 years of age or over who violates section 7401(2)(a)(*iv*) [MCL 333.7401(2)(a)(*iv*)] by possessing with intent to deliver to another person on or within 1,000 feet of school property or a library a controlled substance described in schedule 1 or 2 that is either a narcotic drug or described in [MCL 333.7214(a)(*iv*)] shall be punished, subject to [MCL 333.7410(5)], by a term of imprisonment of not less than 2 years or more than twice that authorized by section 7401(2)(a)(*iv*) and, in addition,

may be punished by a fine of not more than 3 times that authorized by section 7401(2)(a)(*iv*).[1]

The issue in these consolidated cases is whether the statute demands proof of an intent to deliver a controlled substance "to another person on or within 1,000 feet of school property" (school zone), or whether it suffices to show an intent to deliver to another person *anywhere*, including outside a school zone, as long as the controlled substance was possessed within a school zone. Stated otherwise, the issue is whether the school-zone requirement pertains to the *possession* of controlled substances or to the *intended delivery destination* of controlled substances.

Our Supreme Court has observed that "[i]t is a general rule of grammar and of statutory construction that a modifying word or clause is confined solely to the last antecedent . . . ." *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999); see also *Stanton v Battle Creek*, 466 Mich 611, 616; 647 NW2d 508 (2002) (explaining the last-antecedent rule of statutory interpretation). The lead opinion relies on the last-antecedent rule to conclude that MCL 333.7410(3) is unambiguous and that defendants' construction of the statute is correct. I find the lead opinion to be fairly persuasive. My hesitancy in fully embracing the lead opinion is premised on the awareness and appreciation that the last-antecedent rule controls "unless something in the statute requires a different interpretation," *Stanton*, 466 Mich at 616, or "unless a contrary intention appears," *Sun Valley*, 460 Mich at 237.

---

[1] MCL 333.7401(2)(a)(*iv*) concerns the manufacture, creation, or delivery of a controlled substance, or the possession with intent to manufacture, create, or deliver a controlled substance, "in an amount less than 50 grams," which offense constitutes "a felony punishable by imprisonment for not more than 20 years or a fine of not more than $25,000.00, or both."

Subsection (2) of MCL 333.7410 enhances the pun-
ishment for delivering a controlled substance to an-
other person within a school zone, and Subsection (4)
enhances the punishment for possessing a controlled
substance within a school zone. These provisions are
concerned with the *actus reus* of the offenses, i.e., the
location of the wrongful deeds that comprise the physi-
cal components of the crimes, *People v Likine*, 492 Mich
367, 393 n 43; 823 NW2d 50 (2012), reflecting a
legislative intent to punish more severely those drug
crimes physically committed within a school zone.
Interpreting the words in Subsection (3) of MCL
333.7410 in light of their context in the overall statute
and reading them harmoniously with Subsections (2)
and (4), *Peltola*, 489 Mich at 181, there is a plausible
argument that Subsection (3) should also be inter-
preted with a focus on the *actus reus* of the offense,
which is possession of a controlled substance, not the
intended destination of the substance's delivery. As
pointed out by the dissent, federal courts have con-
strued 21 USC 860(a)—which contains language that
gives rise to the same interpretation problems posed by
MCL 333.7410(3)—by applying this very logic, con-
cluding that 21 USC 860(a) only requires proof of an
intent to deliver drugs somewhere, as long as the drugs
were possessed within a school zone. See, e.g., *United
States v Harris*, 313 F3d 1228, 1239-1240 (CA 10,
2002); *United States v Ortiz*, 146 F3d 25, 28 (CA 1,
1998); *United States v McDonald*, 301 US App DC 157,
160; 991 F2d 866 (1993); *United States v Rodriguez*,
961 F2d 1089, 1092 (CA 3, 1992). In light of this
authority, I am not unflinchingly confident that the
last-antecedent rule governs, considering that the
overall language of MCL 333.7410 arguably reveals a
legislative intent that is contrary to that which is

deciphered when applying the last-antecedent rule of statutory construction.

In my view, analysis under the last-antecedent rule should be supplemented with an examination of the legislative history of MCL 333.7410(3), given that the question regarding whether § 7410(3) is ambiguous is too close to call with any degree of certainty. The Michigan Supreme Court "has recognized the benefit of using legislative history when a statute is ambiguous and construction of [the] ambiguous provision becomes necessary." *In re Certified Question from the United States Court of Appeals for the Sixth Circuit*, 468 Mich 109, 115 n 5; 659 NW2d 597 (2003). The Court warned "that resort to legislative history of any form is proper *only* where a genuine ambiguity exists in the statute" and that "[l]egislative history cannot be used to create an ambiguity where one does not otherwise exist." *Id.* (emphasis in original).

Before the enactment of 1999 PA 188, which was made effective November 24, 1999, MCL 333.7410(3) enhanced criminal penalties for "possessing with intent to deliver to *a minor who is a student* on or within 1,000 feet of school property a controlled substance . . . ." 1994 PA 174 (emphasis added). Although the phrasing still lacked absolute clarity, the reference to "a minor who is a student" plainly signaled the Legislature's intention that an offender had to have intended delivery within a school zone.[2] A minor student and a school zone go hand in hand. The question becomes whether 1999 PA 188, which replaced the

---

[2] Conceivably, the earlier language could be construed as concerning the possession of a controlled substance within a school zone with an intent to deliver the controlled substance to a student minor, regardless of the student minor's whereabouts. This would be a strained and wholly unreasonable interpretation of the earlier version of MCL 333.7410(3).

phrase "a minor who is a student" with "another
person," revealed a legislative intent to expand the
scope of the statute to encompass an intent to deliver
anywhere, not just school zones, as long as the posses-
sion occurred within a school zone. The only informa-
tion that I could locate speaking to the reason behind
the amendment of MCL 333.7410 under 1999 PA 188 is
found in Senate Legislative Analysis, SB 218, July 29,
1999, which provided as follows with respect to the
argument supporting the amendment:

> Although the current law is well-meaning, apparently
> it is ineffective because an element of the offense is
> delivery to a student who is a minor. A successful prosecu-
> tion requires the testimony of the student. A student,
> however, may be afraid of testifying against a drug dealer,
> reluctant to admit to receiving drugs, or otherwise unwill-
> ing to testify. If the enhanced penalties applied to delivery
> to anyone within a drug-free school zone, however, law
> enforcement agencies could place young-looking under-
> cover officers in schools to pose as students. By making
> this change, the bill could have a big impact on combating
> drug-trafficking in and around schools. Reportedly, offend-
> ers in Florida are being prosecuted under a similar law.

Accordingly, the 1999 amendment simply reflected a
desire not to require the involvement of a minor
student for purposes of a criminal prosecution, as
opposed to an effort to abolish the need to prove an
intent to deliver controlled substances within a school
zone. I fully appreciate that "legislative analyses
should be accorded very little significance by courts
when construing a statute." *In re Certified Question*,
468 Mich at 115 n 5. But even if one disregards the
quoted Senate analysis, the amendment of MCL
333.7410 under 1999 PA 188 clearly concerned only the
identity of the *person* to whom a drug delivery was
intended to be made, not the *location* of the intended

delivery. Given the legislative history of MCL
333.7410(3), I conclude that the Legislature intended
the statutory provision to apply when an offender
possesses a controlled substance either inside or out-
side a school zone with the intent to deliver the
controlled substance within a school zone, and not
when a controlled substance is possessed inside a
school zone but with no intent to deliver the controlled
substance within the school zone.

In sum, while application of the last-antecedent rule
brings me very close to a conclusive determination that
the prosecution must establish an intent to deliver a
controlled substance within a school zone for purposes
of charges brought under MCL 333.7410(3), any linger-
ing doubts I may have had on the matter are elimi-
nated on consideration of the statute's legislative his-
tory, which reinforces the result produced when
applying the last-antecedent rule of statutory con-
struction.

I respectfully concur with the lead opinion.


O'CONNELL, J. (*dissenting*). In these consolidated
cases, the prosecution appeals by leave granted[1] the
trial courts' dismissal of charges under MCL
333.7410(3) against defendants, Lymance English
(Docket No. 330389) and Brandon R. Smith (Docket
No. 330390), for possessing with intent to deliver drugs
within 1,000 feet of a school. The trial court in each
case dismissed the charge against the respective de-
fendant because the prosecution did not show that
either English or Smith, who each possessed drugs
within a school zone, intended to deliver those drugs
within that school zone. Because I would conclude that

---

[1] *People v English*, 499 Mich 872 (2016); *People v Smith*, 499 Mich 873
(2016).

the enhanced penalty statute prohibits possessing drugs "within 1,000 feet of a school," I would reverse and remand.

## I. FACTUAL BACKGROUND

During a drug raid at the home of English, police discovered about 14 grams of cocaine, marijuana, a digital scale, sandwich bags, and a handgun. Officers determined that English's property was within 1,000 feet of a high school. As a result, English's charges included one count of possession with the intent to deliver less than 50 grams of cocaine within a school zone under MCL 333.7410(3).

Similarly, during a drug raid on the apartment and car of Smith, police discovered 2.2 grams of heroin, baggies, a digital scale, rubber gloves, and a handgun. Officers also discovered a cell phone with messages ordering heroin. Officers determined that Smith's car and apartment were within 1,000 feet of a high school. Smith's charges included one count of possession with the intent to deliver less than 50 grams of heroin within a school zone under MCL 333.7410(3).

Following their respective preliminary hearings, English and Smith moved to dismiss the charges under MCL 333.7410(3). Both defendants contended that the trial court must dismiss their charges because the statute requires the prosecution to show that they intended to deliver the drugs within the school zone. According to English and Smith, there was no indication that either defendant delivered the drugs from their homes or that they intended to deliver the drugs within the school zone. In each case, the trial court agreed that MCL 333.7410(3) required the prosecution to show that the defendant intended to deliver the

drugs within the school zone and dismissed the charge brought under MCL 333.7410(3).

## II. STANDARDS OF REVIEW

This Court reviews de novo the interpretation and application of statutes. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006). This Court also reviews de novo the constitutionality of a statute. *People v Douglas*, 295 Mich App 129, 134; 813 NW2d 337 (2011).

## III. STANDARDS OF STATUTORY INTERPRETATION

When interpreting a statute, our goal is to give effect to the intent of the Legislature. *Williams*, 475 Mich at 250. The language of the statute itself is the best indication of the Legislature's intent. *Id*. We must read the statute as a whole and should not read statutory provisions in isolation. *People v Feezel*, 486 Mich 184, 205; 783 NW2d 67 (2010) (opinion by CAVANAGH, J.). To promote harmony and consistency, we must read subsections of cohesive statutory provisions together. *Id*.

If the language of the statute is unambiguous, we must enforce the statute as written. *Id*. Instances of truly ambiguous language are rare. *People v Gardner*, 482 Mich 41, 50 n 12; 753 NW2d 78 (2008). But if the statutory language is ambiguous, judicial construction is appropriate. *Feezel*, 486 Mich at 205 (opinion by CAVANAGH, J.).

## IV. ANALYSIS

The Public Health Code prohibits a wide range of conduct concerning, among other things, controlled substances. MCL 333.1101 *et seq*. The statute at issue is MCL 333.7410(3), which provides as follows:

An individual 18 years of age or over who violates section 7401(2)(a)(*iv*)[2] *by possessing with intent to deliver to another person on or within 1,000 feet of school property or a library a controlled substance* . . . shall be punished . . . by a term of imprisonment of not less than 2 years or more than twice that authorized by section 7401(2)(a)(*iv*) . . . . [Emphasis added.]

This statute, which provides that the sentence is "twice that authorized" by its counterpart MCL 333.7401(2)(a)(*iv*), is an enhanced sentencing provision.

Because the only difference between MCL 333.7401(2)(a)(*iv*), which in part prohibits the possession of controlled substances with intent to deliver, and MCL 333.7410(3) is the location in which the drugs are possessed, I would conclude that the Legislature intended it to apply to defendants who possessed drugs within the school zone, regardless of where they intended to deliver them. MCL 333.7410(3) applies when a defendant possesses with intent to deliver a controlled substance within 1,000 feet of a school or library, regardless of the location of the person to whom the defendant intends to deliver the substance.

English contends that two of the possible meanings of MCL 333.7410(3) are consistent with the trial court's dismissal of the charges—that the defendant intended to deliver to a person within 1,000 feet of a school or that the person to whom the defendant intended to deliver was within 1,000 feet of a school. The prosecution's construction is more reasonable to accomplish the purpose of the statute as an enhanced penalty provision.

---

[2] MCL 333.7401(2)(a)(*iv*) prohibits a person from "possess[ing] with intent to . . . deliver a controlled substance" that is a narcotic drug in an amount less than 50 grams.

The Public Health Code is "intended to be consistent with applicable federal and state law and shall be construed, when necessary, to achieve that consistency." MCL 333.1111. See also *Feezel*, 486 Mich at 208 (opinion by CAVANAGH, J.). Federal law, under 21 USC 860(a), prohibits "possessing with intent to distribute . . . a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school," and anyone who does so is guilty of a crime with an enhanced minimum sentence. This statute is analogous to MCL 333.7410(3). Both statutes provide enhanced sentencing provisions for persons who possess with the intent to distribute a drug within a school zone. While there are minor differences, such as the Michigan statute including requirements regarding the age of the offender, the types of conduct these statutes prohibit are substantially similar.

I also find federal caselaw on this point persuasive. Under 21 USC 860(a), it is the location of the drugs, not the intended location of distribution, that is pertinent to the crime. *United States v Rodriguez*, 961 F2d 1089, 1092 (CA 3, 1992); *United States v Harris*, 313 F3d 1228, 1239-1240 (CA 10, 2002).[3] Construing MCL 333.7410(3) consistently with applicable federal law, the phrase "within 1,000 feet of a school" describes the location where the defendant possesses the drugs, not the location of the other person or where the defendant intends to deliver the drugs.

---

[3] This is consistent with unpublished cases from this Court that have determined the same and with cases in which we have upheld convictions without any discussion of the location of the defendant's intended delivery. However, at least one unpublished case has ruled insufficient a jury instruction that did not specify that the defendant's intended deliveree was in the school zone.

Smith contends that this construction leads to supposedly absurd results because a defendant could be guilty under MCL 333.7410(3) for driving through a school zone while possessing a substance that he or she intends to deliver elsewhere. That a statute appears to be inconvenient or unwise is not a reason for this Court to avoid applying statutory language. *Johnson v Recca*, 492 Mich 169, 187; 821 NW2d 520 (2012). The purpose of the statute is to attempt to protect children from exposure to drugs. *People v McCrady*, 213 Mich App 474, 485; 540 NW2d 718 (1995). Given this purpose, requiring drug dealers to drive around school zones to avoid enhanced sentences appears consistent with the statute. I am less concerned with the resulting inconvenience to drug dealers than with interpreting the statute consistently with the Legislature's intent.

I would conclude that MCL 333.7410(3) prohibits a defendant from possessing drugs within a school zone with intent to deliver them regardless of the intended location of delivery. Accordingly, I would reverse and remand for reinstatement of the charges.